UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANG LIM,

       Plaintiff Pro Se,

                                                    Case No. 10-cv-14080

v.

                                                   Paul D. Borman
                                                   United States District Judge

CHISATO NOJIRI AND TERUMO
AMERICAS HOLDINGS, INC.,
KEITH PROCTOR, BILL PINON AND
TERUMO HEART, INC.,
GAEL TISACK AND TERUMO
CARDIOVASCULAR SYSTEMS,
MARK SUTTER and STEVEN SMITH,

       Defendants.
_____/

OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION TO SET ASIDE ORDER
(2) GRANTING DEFENDANTS SMITH AND SUTTER'S MOTION TO DISMISS AND
(3) AMENDING THIS COURT'S APRIL 28, 2011 OPINION AND ORDER[1]

       This matter is before the Court on Plaintiff's Motion to Set Aside Court's Opinion and Order (Dkt. No. 45) and Defendants Steven Smith and Mark Sutter's Motion to Join in Relief Sought by Other Defendants (Dkt. No. 44). Defendants filed a response to Plaintiff's motion (Dkt. No. 46) and Plaintiff filed a reply (Dkt. No. 47). For the reasons that follow, the Court DENIES Plaintiff's motion to set aside the Court's April 28, 2011 Opinion and Order and GRANTS Defendants Smith and Sutter's motion to dismiss without prejudice.

---

[1] The only change made to this Court's April 28, 2011 Opinion and Order is that the dismissal for lack of subject matter jurisdiction is without prejudice.

1

**I.     BACKGROUND**

The facts of this matter are set forth in detail in this Court's April 28, 2011 Opinion and Order Granting Defendants' Motion to Dismiss. (Dkt. No. 43.) Relevant here are the following facts: On October 12, 2010, Plaintiff filed his original Complaint against his former employer and several other Defendants. On November 2, 2010, those Defendants, many of whom were Michigan citizens, moved to dismiss the action, asserting that Plaintiff was a Michigan citizen and that therefore the Court lacked diversity subject matter jurisdiction. (Dkt. No. 7.) On January 2, 2011, Plaintiff filed a motion to amend his Complaint, seeking to add two additional Defendants, Stephen Smith and Mark Sutter, also Michigan citizens, and to attempt to correct the deficiencies in his pleading of facts which might support the Court's exercise of diversity jurisdiction over his claims. (Dkt. No. 14.)

This Court referred the motion to amend the Complaint to Magistrate Judge Randon, who held a hearing and granted Plaintiff leave to amend, expressly leaving to this Court the unanswered question of whether Plaintiff had therein pled facts which were sufficient to support his claim that he was not a Michigan citizen at the time he filed his Complaint. (Dkt. No. 31, Transcript of Feb. 15, 2011 Hearing before Magistrate Judge Randon, 14-15.) On February 23, 2011, Plaintiff filed his Amended Complaint. (Dkt. No. 22.) On February 25, 2011, Plaintiff attempted to serve the newly added Defendants, Smith and Sutter, by emailing and faxing to them copies of the Amended Complaint and Summons. (Dkt. No. 25.)

After permitting both Plaintiff and Defendants to supplement their filings on the jurisdictional issue, this Court held a hearing on March 16, 2011 at which both Plaintiff and the moving Defendants presented extensive argument on the issue of Plaintiff's citizenship. Following

the hearing, the Court permitted the Plaintiff a further opportunity to supplement the record on the issue of his Michigan citizenship. On April 28, 2011, based on all of the evidence presented by Plaintiff and the moving Defendants, this Court issued its Opinion and Order concluding that Plaintiff was a Michigan citizen on the date he filed his Complaint, that complete diversity of citizenship was therefore lacking and granting Defendants' motion to dismiss for lack of subject matter jurisdiction. (Dkt. No. 43.)

Also on April 28, 2011, approximately 25 minutes after this Court entered its Order dismissing the case as to the moving Defendants, Defendants Smith and Sutter, who claimed never to have been properly served in the case, filed a motion indicating that they waived service of process and wished to join in the motion of the other Defendants to dismiss, "asking the Court to dismiss Plaintiff's Complaint on the same basis as, and adopt[ing] as their own the arguments raised in support of all relief currently sought before the Court." (Dkt. No. 44, Defendants Steve Smith and Mark Sutter's Motion to Join in Relief Sought by Other Defendants, 2.)

On May 1, 2011, Plaintiff filed a document that was both a response in opposition to Smith and Sutter's motion and a motion to set aside or vacate the Court's April 28, 2011 Opinion and Order, which this Court interprets as a motion for reconsideration. (Dkt. No. 46.) On May 24, 2011, Defendants filed a reply to the motion for reconsideration and in support of Smith and Sutter's separately filed motion to dismiss. (Dkt. No. 47.)

## II. ANALYSIS

### A. Plaintiff's Motion for Reconsideration

This Court interprets Plaintiff's motion to set aside this Court's April 28, 2011 Opinion and Order as a motion for reconsideration. Motions for reconsideration are governed by E.D. Mich. LR

3

7.1(h)(3), which states in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). The Court need not consider evidence submitted in support of a motion for reconsideration that was available at the time the movant responded to a motion for summary judgment but was not presented to the Court. *Basinger v. CSX Transportation, Inc.*, No. 94-3908, 1996 WL 400182, at *3 (6th Cir. July 16, 1966) (finding no abuse of discretion where district court declined to consider, on a Rule 59(e) motion, evidence that was available but not presented at the time the moving party contested summary judgment). "Motions for reconsideration likewise do not permit the losing party to attempt to supplement the record with previously available evidence." *Allen v. Henry Ford Health Sys.*, No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010) (citing *Basinger, supra*).

The arguments set forth in Plaintiff's motion for reconsideration present the same arguments already rejected by the Court or seek to present arguments that could have been made, but were not, in Plaintiff's earlier attempts to defeat Defendants' motion. Plaintiff simply seeks to reargue his position, which has been rejected by the Court, that even if he had an intention at some point to make Michigan his home, he had abandoned that intent and formed a new and specific intent to

4

reside Virginia at the time he filed his Complaint. The Court explained in detail in its April 28, 2011 Opinion and Order its basis for rejecting this argument and need not repeat its analysis here. Plaintiff adds that he is staying in a hotel in Wisconsin which is a fact that Plaintiff could have brought to the Court's attention at an earlier time and, in any event, would not change the Court's analysis regarding Plaintiff's citizenship.

Plaintiff also seems to suggest that because Magistrate Judge Randon granted him leave to file an amended complaint, this Court is precluded from deciding the issue of subject matter jurisdiction. Plaintiff has submitted no legal authority that supports such a statement. In fact, Magistrate Judge Randon allowed to Plaintiff to amend his Complaint to attempt to cure any jurisdictional deficiencies and expressly left to this Court the determination of whether the Complaint, as amended, adequately set forth a basis for this Court to exercise subject matter jurisdiction based on the alleged diversity of citizenship. (Dkt. No. 31, Hr'g Tr. 14-15.)

Because Plaintiff's motion "merely present[s] the same issues ruled upon by the court," and has not demonstrated "a palpable defect by which the court and the parties . . . have been misled," the Court DENIES Plaintiff's motion for reconsideration.

### B. Smith and Sutter's Motion to Dismiss

On April 28, 2011, minutes after this Court issued its ruling granting Defendants' motion to dismiss, Defendants Smith and Sutter, who claim never to have been properly served in this case, filed a motion indicating that they waived service and seeking dismissal of the claims against them on the same basis as those argued by the other Defendants. Plaintiff attempted to serve Smith and Sutter by emailing and faxing copies of the Amended Complaint and Summons to them. Plaintiff claims in his response to their motion to join in the relief sought by the other Defendants that this

was sufficient service, relying on E.D. Mich. L.R. 5.1.1(b) which speaks to the electronic filing of papers with the Court and states that papers may be served through the Court's electronic transmission facilities. However, the Electronic Filing Policies and Procedures, Rule 8, E.D. Mich. L.R. Appx. ECF explains that: "Fed. R. Civ. P. 5(b) and Fed. R. Crim. P. 49(b) do not permit electronic service of process for purposes of obtaining personal jurisdiction, i.e. Rule 4 service." Plaintiff cannot bypass Federal Rule of Civil Procedure 4 and effect service of process by efiling his complaint. Moreover, neither service by fax or email is sufficient to effect service of process under Fed. R. Civ. P. 4 or under Michigan state law. *See* Fed. R. Civ. P. 4; MCR 2.105. Additionally, Plaintiff's attempts at service are deficient because both federal and Michigan law require service of process by a non-party. *See* Fed. R. Civ. P. 4; MCR 2.103. Accordingly, until Defendants Smith and Sutter opted to waive service of process in their April 28, 2011 motion to join in the relief sought by the other Defendants (Dkt. No. 44), they had not been properly served in the case.

Smith and Sutter's motion to join in the relief sought by the other Defendants was filed after the Court had issued its April 28, 2011 Opinion and Order granting Defendants' motion to dismiss. However, in that motion, Smith and Sutter move to dismiss on the same basis, and for the same reasons, as proffered by the other Defendants in their motion to dismiss. Plaintiff alleges in his Amended Complaint that Smith and Sutter are Michigan citizens. Therefore, diversity would be lacking between Plaintiff and these Defendants. Thus, this Court's ruling dismissing Plaintiff's Complaint for lack of complete diversity applies with equal force to Plaintiff's claims against Smith and Sutter, who have incorporated by reference all of the arguments made by the other Defendants in their motion to dismiss. Accordingly, the Court GRANTS Defendant's Smith and Sutter's motion which seeks dismissal of Plaintiff's claims against them for lack of subject matter jurisdiction. (Dkt.

No. 44.)

For the foregoing reasons, the Court DENIES Plaintiff's motion to set aside order (Dkt. No. 45) and GRANTS Defendants Smith and Sutter's motion to dismiss for lack of jurisdiction (Dkt. No. 44.) The claims against Sutter and Smith are dismissed without prejudice.[2]

IT IS SO ORDERED.

                                            S/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: June 27, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 27, 2011.

                                            S/Denise Goodine
                                            Case Manager

---

[2] The Court will address the remaining motions on the docket, Docket Numbers 49 and 51, after responses have been filed.