UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANG LIM,

       Plaintiff Pro Se,

                                   Case No. 10-cv-14080

v.

                                   Paul D. Borman
                                   United States District Judge

CHISATO NOJIRI AND TERUMO
AMERICAS HOLDINGS, INC.,
KEITH PROCTOR, BILL PINON AND
TERUMO HEART, INC.,
GAEL TISACK AND TERUMO
CARDIOVASCULAR SYSTEMS,
MARK SUTTER, STEVEN SMITH and
TERUMO CORPORATION,

       Defendants.
_____/

ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO DELAY LAWSUIT
(DKT. NO. 49) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE
A SECOND AMENDED COMPLAINT (DKT. NO. 51)

Before the Court are Plaintiff's Motion to Delay Lawsuit (Dkt. No. 49)[1] and Plaintiff's

Motion for Leave of Court to File His Second Amended Complaint Without Hearing (Dkt. No. 51).

Defendants have filed responses (Dkt. Nos. 53 and 54) and Plaintiff has filed a reply (Dkt. No. 55).

The Court concludes, pursuant to E.D. Mich. L. R. 7.1, that oral argument would not assist in

resolution of these motions.  The Court, having dismissed without prejudice all Defendants in this

---

[1]  The Court notes that on June 29, 2011, Plaintiff filed a motion to withdraw his motion for delay of lawsuit.  (Dkt. No. 56.)  This Order, denying Plaintiff's motion for delay as moot, also grants Plaintiff's motion to withdraw the motion, which has now been terminated on the Court's docket.

matter for lack of subject matter jurisdiction[2] (Dkt. Nos. 43 and 52), hereby DENIES both motions

(Dkt. Nos. 49, 51) as moot.

This Order closes this case.[3]

IT IS SO ORDERED.


 S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE


Dated:  July 1, 2011


I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 1, 2011, by electronic and/or ordinary mail.


 S/Lisa Wagner for Denise Goodine
Case Manager and Deputy Clerk
(313) 234-5522

---

[2] *See Pratt v. Ventas, Inc.*, 365 F.3d 514, 521, 522-23 (6th Cir. 2004) (noting that a party may not relitigate the issue of subject matter jurisdiction once decided but that a dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits and does not bar a subsequent suit in an appropriate venue).

[3] Plaintiff never served named Defendant Terumo Corporation, which is also dismissed without prejudice.  Even if this Defendant had been properly served, it would have been entitled to dismissal without prejudice in this action on the same grounds of lack of diversity subject matter jurisdiction asserted by the other Defendants.